JAMES L. MILLS AND CHARLES L. MEAD, EXECUTORS, RESPONDENTS, v. WILLIAM H. MEAD, APPELLANT.

*Title deeds — possession of — when executor entitled to.*

As a general rule, title deeds are considered to savor so much of the realty, that the law, for some purposes does not account them to be chattels, but provides that they shall follow the land to which they relate, and shall vest in the heir as incident to the estate, to the exclusion of the executor.

Where, however, the executor is authorized to sell the real estate, and an inspection of the title deeds, is necessary to a proper discharge of his duties, he is entitled to their control and possession.

APPEAL from an order striking out a demurrer, interposed by defendant, to the complaint herein, with ten dollars costs, giving leave to defendant to answer within twenty days, otherwise judgment absolute to be entered by the plaintiffs.

The demurrer was interposed upon the two grounds : 1. That plaintiffs have not legal capacity to sue ; and, 2. That the complaint does not state facts sufficient to constitute a cause of action.

The sworn complaint sets forth substantially the following facts : Cornelia D. Mead died about June 28, 1872, leaving this defendant, her husband, and the plaintiffs, together with Hannah D. Mead, Roswell Mead and Lizzie D. Mead, their children.  About June

7, 1872, she made her last will, disposing of all her estate, and appointing these plaintiffs and the defendant executors thereof, and, by said will, authorized, empowered and directed any two of said executors, in their discretion, to sell any and all her real estate, and to make, execute and deliver all conveyances of the real estate that might be necessary to give a good title to the same ; and, on September 2, 1874, the will was duly proved before the surrogate of Orange county, and these plaintiffs duly qualified as executors, and received letters testamentary. Defendant has never qualified or received letters testamentary. About May 31, 1872, defendant, William H. Mead, had duly executed and delivered to the said Cornelia D. Mead a deed of conveyance of all his right, title and interest in a farm of about 150 acres, on which they lived, near the village of Middletown, and which they held as joint tenants under deeds from Joseph Davis, the father of Cornelia D. Mead, and from the executors of the last will of said Joseph Davis. The consideration for the deeds, from her father and from said executors, was paid wholly by said Cornelia D. Mead.

After the deed of defendant to deceased had been, by defendant, personally, delivered to deceased, and before it had been recorded, defendant, by falsehood to the person by whom the deed had, by deceased, been sent to the Orange county clerk's office for record, obtained possession of it, and has ever since kept it secreted, or has destroyed it, and refuses to surrender it or give any information respecting it.

This action is brought to obtain possession and custody of this deed, or if the deed has been destroyed, for the judgment of this court, confirming in Cornelia D. Mead the title to the real estate involved as of the date of this deed by defendant to her, clear of any incumbrance made, suffered or permitted by defendant.

*Hulse, Little & Finn,* for the appellant.

*John G. Wilkin* and *Jirah I. Foote,* for the respondents.

PRATT, J. :

As executors the plaintiffs have an active duty to perform, relative to the real estate described in the complaint. They have a

right to inspect the title deeds of the testatrix, in order to ascertain the extent of their power under the will.

It is incidental to the power of sale, that the executors should have the custody of the deeds by which the title is proved.

So far as it appears the plaintiffs could not execute the power of sale as to this parcel of land, without having the deed.

The allegation in the complaint that the deed was obtained by the defendant by fraud, is not the gist of the action, but merely to show that his possession is tortious. The general rule is that deeds are considered to savor so much of the realty, that the law for some purposes does not account them to be chattels, but provides that they shall follow the land to which they relate, and shall vest in the heir as incident to the estate, to the exclusion of the executor.

But in this case the land itself vests in the heirs or devisees, subject to the execution of the power of sale by the plaintiffs.

By his demurrer the defendant admits he is a wrong-doer; as against such party the plaintiffs are entitled to maintain this action.

In the case of *Cobbett, Executor of Baxall* v. *Clutton and another* (2 C. & P., 471), a relative of the defendants had in his possession a box containing papers belonging to the deceased. The box and its contents were sent by him to the office of the defendants who were solicitors, to be delivered to the plaintiff as executor, on his giving a schedule of the deeds contained in the box. The plaintiff demanded the box and its contents from the defendants, but they refused to deliver it up, unless the plaintiff would give them a schedule of its contents. And Lord TENTERDEN held, that the defendants had no right to insist on the inventory, before they gave up the box; that the plaintiff as executor was entitled to the possession of the papers of the deceased, and could bring an action of trover on the defendant's refusal to deliver them up.

The plaintiff was entitled to judgment below, but the court below saw fit to grant a favor to defendant which he refused to accept.

The plaintiff is entitled to judgment with costs.

TALCOTT, J., concurred. BARNARD, P. J., not sitting.

Judgment and order affirmed, with costs.